FILED
LORAIN COUNTY

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO     2017 AUG 10 P 1:37

COURT OF COMMON PLEAS
TOM ORLANDO

| | |
|---|---|
| EDITH RAMEY<br>36112 Bridgeport Drive<br>North Ridgeville, Ohio  44039<br><br>           Plaintiff<br><br>v.<br><br>STATE FARM INSURANCE<br>COMPANY<br>c/o Statutory Agent<br>CSC-Lawyers Incorporating Services<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio  43215 | CASE NO.: 17CV193066<br><br>JUDGE:<br>JUDGE MARK A. BETLESKI<br><br>**COMPLAINT** |

Now comes Plaintiff, by and through counsel, and for her complaint against Defendant states as follows:

FIRST CAUSE OF ACTION

1. On or about August 29, 2015, Plaintiff Edith Ramey was a passenger in a vehicle driven by her husband, Junior Ramey.

2. While traveling westbound on State Route 82 Junior Ramey failed to timely stop and rear ended another vehicle.

3. Plaintiff states as a direct and proximate result of the accident, she sustained severe injuries which required emergency medical treatment and physical therapy.

4. As a result of the injuries sustained by Plaintiff, she was caused severe pain, suffering, medical care and treatment by physicians, thereby incurring medical and hospital



EXHIBIT A

expenses.

5. Plaintiff further states the injuries she sustained as a result of the accident, have caused her permanent and partial disability.

6. Plaintiff states as a direct and proximate result of the injuries she sustained, she no longer can engage in the normal activities of an individual her age.

WHEREFORE, Plaintiff demands judgment against Defendant, on her First Cause of Action, in an amount in excess of $25,000.00, plus costs of this action, interest at the legal rate and reasonable attorney's fees and any other relief the Court may grant.

## SECOND CAUSE OF ACTION

7. Plaintiff reaffirms all allegations in her complaint as if fully rewritten herein.

8. Plaintiff states at all times relevant hereto, she was insured under an auto insurance policy issued by Defendant, designated Policy No. 666207535K.

9. Defendant is and was at all times relevant hereto a duly licensed insurance and liability company doing business in the State of Ohio, including Lorain County, insuring individuals on motor vehicle policies.

10. Plaintiff is entitled to all benefits paid by the policy for the injuries she sustained.

11. Plaintiff states Junior Ramey was the owner/operator of an uninsured motor vehicle at the time he lost control of the vehicle, causing it to crash on the date set forth above.

12. Plaintiff states she has performed all obligations imposed upon her by the terms and conditions of the subject insurance policy.

WHEREFORE, Plaintiff demands judgment against Defendant, on her Second Cause of Action, in an amount in excess of $25,000.00, plus costs of this action, interest at the legal rate and reasonable attorney's fees and any other relief the Court may grant.

## THIRD CAUSE OF ACTION

13. Plaintiff reaffirms all allegation of her complaint as if fully rewritten herein.

14. Plaintiff was an insured and had a contract with Defendant on the day she was injured.

15. Defendant has breached the insurance contract by failing to pay Plaintiff any and all benefits to which she was entitled under the insurance agreement.

16. Defendant owed Plaintiff a duty of good faith and fair dealing as is implied in every contract.

17. Defendant breached its duty of good faith and fair dealing by *inter alia*, refusing to properly compensate Plaintiff for injuries she sustained as a result of the subject motor vehicle accident.

18. As a direct and proximate cause of Defendant's breach of the insurance contract, Plaintiff has been denied the policy benefits due her under the contract.

19. As a further direct and proximate cause of Defendant's breach of the insurance contract, Plaintiff suffered other damages.

WHEREFORE, Plaintiff demands judgment against Defendant, on her Third Cause of Action, in an amount in excess of $25,000.00, plus costs of this action, interest at the legal rate and reasonable attorney's fees and any other relief the Court may grant.

## FOURTH CAUSE OF ACTION

20. Plaintiff reaffirms all allegation of her complaint as if fully rewritten herein.

21. In investigating and adjusting Plaintiff's claim, Defendant, through its agents, adjusters and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly and not in good faith.

22. Defendant, through its agents, acted intentionally, willfully, wantonly and with actual malice in refusing to pay Plaintiff's claim and continuing to delay payment.

WHEREFORE, Plaintiff demands judgment against Defendant, on her Fourth Cause of Action, in an amount in excess of $25,000.00, plus costs of this action, interest at the legal rate and reasonable attorney's fees and any other relief the Court may grant.

## FIFTH CAUSE OF ACTION

23. Plaintiff reaffirms all allegations of her complaint as if fully rewritten herein.

24. The acts and omissions of Defendant demonstrate malice, aggravated or egregious fraud, oppression and/or insult.

25. Defendant, as principal or master of its agents and adjuster, authorized, participated in, and ratified the acts or omissions of said agents or adjusters in this regard.

26. As a direct and proximate cause of Defendant's lack of good faith, Plaintiff suffered emotional distress, anxiety, inconvenience, economic harm and has been required to retain the services of an attorney to prosecute this action, thereby causing her to incur attorney's fees.

27. Defendant has acted and continues to act in bad faith in dealing with Plaintiff.

28. By reason of Defendant's acts and omissions, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant, on her Fifth Cause of Action, in an amount in excess of $25,000.00, plus costs of this action, interest at the legal rate and reasonable attorney's fees and punitive damages in an amount which will serve to adequately punish and deter the conduct alleged herein.

## SIXTH CAUSE OF ACTION

29. Plaintiff reaffirms all allegations of her complaint as if fully rewritten herein.

30. Plaintiff is an insured under the written insurance contract with Defendant.

31. Defendant has denied Plaintiff's insurance claim.

32. Pursuant to R.C. § 2721.03 and R.C. § 2721.04, Plaintiff is entitled to declaratory judgment from this Court construing the insurance contract and the terms, limitations and conditions contained there.

33. Plaintiff is entitled to a declaration as to whether Defendant, based on the policy language, has any lawful basis for denying Plaintiff's claim.

WHEREFORE, Plaintiff respectfully requests, on her Sixth Cause of Action, this Court grant an order declaring Plaintiff is entitled to payment and benefits under the insurance contract issued by Defendant and for any other relief this Court may grant, plus costs of this action, interest at the legal rate and reasonable attorney's fees.

Respectfully submitted,

MARK G. PETROFF #0019634
PETROFF LAW, LLC
1288 Abbe Road North
Elyria, OH 44035
Phone: 440-365-8800
Fax: 440-365-2001
mgp@petrofflaw.comsp
Attorney for Plaintiff